KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MARC A. WALLENSTEIN #10456
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-Mail: marc.wallenstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. CR 18-00162 LEK |
|---|---|
| Plaintiff, | ) INFORMATION |
| vs. | ) [21 U.S.C. § 846; 18 U.S.C. § 922(g)(1)] |
| CHESTER CABANG (01), KLOULUBAK DEBEDEBEK (02), | ) |
| Defendants. | ) |

INFORMATION

The United States Attorney charges:

<u>COUNT ONE</u>
Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine
(21 U.S.C. § 846)

In or about and between March 2018 and May 19, 2018, both dates being approximate and inclusive, within the District of Hawaii and elsewhere, CHESTER CABANG and KLOULUBAK DEBEDEBEK, the defendants, knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the United States, to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

On or about May 15, 2018, within the District of Hawaii, KLOULUBAK DEBEDEBEK, the defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce, firearms and ammunition, namely:

(1) a Glock brand pistol, Model 19, 9mm caliber, bearing serial number UU591US;

2

(2) 14 rounds of Winchester-Western 9mm ammunition; and

(3) a .223 caliber, AR-15-style rifle, with no serial number, and no markings to indicate manufacturer, model, or caliber;

said firearms and ammunition having been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THREE
Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

On or about May 15, 2018, within the District of Hawaii, CHESTER CABANG, the defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce, a firearm and ammunition, namely:

(1) a Polymer80, Inc. brand Model PF940C pistol marked Dayton, NV, with no serial number, with a slide marked as follows: Glock brand, model 23, .40 caliber, Austria, bearing serial number BEDD928; and

(2) 10 rounds of .40 caliber CCI ammunition;

said firearm and ammunition having been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## FIRST FORFEITURE ALLEGATION

1. The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 21, United States Code, Section 853.

2. The United States hereby gives notice to the defendants that, upon conviction of the offenses charged in Count One of this Information, the government will seek forfeiture, in accordance with Title 21, United States Code, Section 853(a), of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violations of Title 21, United States Code, Sections 841 and 846, alleged in this Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations of Title 21, United States Code, Sections 841 and 846, alleged in this Information.

3. If by any act or omission of the defendants, any of the property subject to forfeiture described in paragraph 2 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

the United States of America will be entitled to forfeiture of substitute property up to the value of the property, pursuant to Title 21, United States Code, Section 853(p).

## SECOND FORFEITURE ALLEGATION

1. The allegations contained in Counts Two and Three of this Information are hereby re-alleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice to CHESTER CABANG and KLOULUBAK DEBEDEBEK, the defendants, that upon conviction of the offenses charged in Counts Two and Three of this Information, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), of any firearms or ammunition involved in or used in the offenses, including but not limited to:

  a. a Glock brand pistol, Model 19, 9mm caliber, bearing serial number UU591US;

  b. 14 rounds of Winchester-Western 9mm ammunition;

    c. a Polymer80, Inc. brand Model PF940C pistol marked Dayton, NV, without a serial number, with slide markings as follows: Glock brand, model 23, .40 caliber, Austria, bearing serial number BEDD928;

    d. 10 rounds of .40 caliber CCI ammunition; and

    e. a .223 caliber, AR-15-style rifle, with no serial number, and no markings to indicate manufacturer, model, or caliber.

    3. If by any act or omission of CHESTER CABANG or KLOULUBAK DEBEDEBEK, the defendants, any of the property subject to forfeiture described in paragraph 2 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America will be entitled to forfeiture of substitute property up

//
//
//

to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461.

DATED: October 18, 2018, at Honolulu, Hawaii.

_____
KENJI M. PRICE
United States Attorney
District of Hawaii

_____
MARC A. WALLENSTEIN
Assistant United States Attorney

United States v. Chester Cabang *et al.*
Information
Cr. No.